Mirasol BUDA, Plaintiff–Appellant,

v.

Jo Anne B. BARNHART,* Commissioner of the Social Security Administration, Defendant–Appellee.

No. 01–35738.

D.C. No. CV–00–00089–RCF.

United States Court of Appeals, Ninth Circuit.

Submitted April 8, 2002.**

Decided April 17, 2002.

Before BROWNING, KLEINFELD, and GOULD, Circuit Judges.

---

Oliveros' § 2255 motion is time-barred. *See* 28 U.S.C. § 2255(3); *see also United States v. Valdez*, 195 F.3d 544, 546–48 (9th Cir.1999).

* Jo Anne B. Barnhart is substituted for her predecessor as Commissioner of the Social Security Administration, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM****

Mirasol Buda appeals the district court's summary judgment affirming the Commissioner of the Social Security Administration's denial of her application for social security disability insurance benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's decision, and we review for substantial evidence and legal error the Administrative Law Judge's ("ALJ") decision. *Tackett v. Apfel,* 180 F.3d 1094, 1097 (9th Cir.1999). We affirm.

We conclude that substantial evidence supports the ALJ's finding that Marisol Buda was not disabled. *See id.* at 1098. The ALJ's finding that Buda was not credible was consistent with her treating physician's opinion that Buda exaggerated her symptoms. *See Lester v. Chater,* 81 F.3d 821, 834 (9th Cir.1995).

The ALJ properly concluded that Buda's testimony regarding her daily activities was inconsistent with her allegations of disabling pain. *See Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir.1989) (holding that where a claimant spends a substantial part of her day performing activities transferable to a work setting, a finding as to this fact may be sufficient to discredit an allegation of disabling pain).

Furthermore, the ALJ provided specific and legitimate reasons for rejecting the opinion of Buda's treating physician. *See Lester v. Chater,* 81 F.3d 821, 834 (9th Cir.1995). The ALJ properly rejected medical conclusions that were based in part on Buda's exaggerated complaints.

---

**** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*See Tonapetyan v. Halter,* 242 F.3d 1144, 1149 (9th Cir.2001) (ALJ properly rejected an examining physician's opinion that was based on a claimant's subjective complaints, which were discounted).

**AFFIRMED.**

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.